IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>STATE OF ILLINOIS, )<br>  )<br>  Plaintiffs, )<br>  )<br>NATURAL RESOURCES DEFENSE )<br>COUNCIL, INC., et al., )<br>  )<br>  Plaintiff-Intervenors, )<br>  )<br>  v. )<br>  )<br>METROPOLITAN WATER )<br>RECLAMATION DISTRICT OF )<br>GREATER CHICAGO, )<br>  )<br>  Defendant. )<br>  )<br>_____ ) | Case No. 1:11-cv-08859<br><br>Hon. George M. Marovich,<br>Judge Presiding<br><br>Hon. Maria Valdez,<br>Magistrate Judge Presiding |

**ALLIANCE'S REVISED MOTION FOR LEAVE TO SERVE
RULE 45(B) SUBPOENA RETURNABLE BY AUGUST 19, 2013
<u>UPON NON-PARTY VULCAN CONSTRUCTION MATERIALS, L.P.</u>**

Pursuant to Federal Rule of Civil Procedure 45(b) and in reference to the Court's June 25, 2013 scheduling order, Alliance for the Great Lakes ("Alliance") respectfully requests that the Court grant Alliance leave to serve a single Rule 45(b) subpoena for a Rule 30(b)(6) deposition, returnable by no later than August 19, 2013, to non-party Vulcan Construction Materials, L.P. (a/k/a Vulcan Materials Company) ("Vulcan"). Accompanying this motion is a memorandum in support. The proposed subpoena is attached to the memorandum as Exhibit 9. Alliance seeks leave to serve the proposed subpoena because the deposition noticed by the subpoena would occur following the deadline for completion of discovery that the Court ordered on June 25, 2013. (Dkt. 70.)

1.	On June 25, 2013, the Court ordered a six-week period of discovery to allow Plaintiff-Intervenors, including Alliance, an opportunity to seek information relevant to whether the Court should enter the Consent Decree filed by Plaintiffs United States of America and State of Illinois ("Government Plaintiffs").  On July 3, 2013, Plaintiff-Intervenors jointly issued requests for admission, and a limited number of interrogatories and document requests, to Government Plaintiffs and Defendant Metropolitan Water Reclamation District of Greater Chicago ("MWRD").  On July 12, 2013, Plaintiff-Intervenors issued Rule 30(b)(6) deposition notices to Government Plaintiffs.  Government Plaintiffs and MWRD ("Discovery Respondents") provided written discovery responses between July 29, 2013 and August 2, 2013, and Government Plaintiffs produced Rule 30(b)(6) designees for depositions that took place on August 5, 2013 and August 6, 2013.

2.	Alliance requests leave to seek discovery from Vulcan because, at the very end of the six-week discovery period ordered by the Court, Discovery Respondents revealed for the first time that they lacked crucial information that is responsive to Alliance's discovery requests and that is relevant to whether the Court should enter the Consent Decree.  Further, on the second to last day of discovery, the United States revealed for the first time that they had long ago entered into multiple confidentiality agreements with Vulcan – agreements that the United States contends preclude it from producing information about Vulcan that is responsive to Alliance's deposition discovery.

3.	In requesting leave to serve Vulcan with a subpoena, Alliance is not seeking any extension of the schedule set by the Court for briefing the motion to enter the Consent Decree filed Government Plaintiffs.  Accordingly, any order granting the limited discovery Alliance seeks in this motion will not delay these proceedings.  In addition, on August 2, 2013, prior to

2

the end of the discovery period, Alliance filed a motion similar to this motion that also sought leave to serve the proposed subpoena. (Dkt. 70.) Alliance noticed the motion for hearing by Magistrate Judge Valdez, to whom discovery matters in this case had been referred by Judge Marovich. (Dkt. 77.) On August 7, 2013, Magistrate Judge Valdez advised the parties that she could not hear Alliance's motion because of Judge Marovich's previously set discovery cut-off. Accordingly, Alliance withdrew the August 2, 2013 motion.

4. In deciding whether to enter the Consent Decree, the Court must determine whether the Consent Decree is fair, reasonable, adequate, and consistent with applicable law and with the public interest. Alliance seeks to gather information from Vulcan that is critical to assist the Court's determination. Specifically, the information sought from Vulcan is integral to whether the Consent Decree is going to work.

5. Under the terms of the Consent Decree, MWRD is required to cause a huge volume of rock to be removed from the McCook Quarry in order to provide storage for combined sewer flows that would otherwise flow into Lake Michigan, the Chicago River, and other area streams. MWRD has contracted with Vulcan to remove that rock, and the Consent Decree requires that the rock be removed in two stages – the first deadline is in 2016, and the second deadline is in 2029. Indeed, the Consent Decree *itself* states that Vulcan's role in removing that rock is "integral" to the performance of the Consent Decree. (Dkt. 31-1 at p. 17.) Thus, implementation of the Consent Decree and MWRD's effort to reduce its massive discharges of untreated sewage, are entirely dependent on Vulcan's ability to sell rock in the market in which Vulcan sells rock from the McCook Quarry.

6. Notwithstanding their admission that Vulcan's ability to sell rock is "integral" to the Consent Decree, Government Plaintiffs and MWRD have supplied almost no information

showing that Vulcan will actually be able to remove rock as the Consent Decree's schedule requires, or that Vulcan cannot remove that rock faster if MWRD subsidizes the price of Vulcan's rock. In their responses to Plaintiff-Intervenors' discovery requests directed to Government Plaintiffs and MWRD, which were provided between July 29, 2013 and August 2, 2013, and in United States' Rule 30(b)(6) testimony occurring on August 5, 2013, respondents to Plaintiff-Intervenors' discovery claimed they lacked the knowledge necessary to answer basic questions about Vulcan. Accordingly, Alliance requests leave to seek information about Vulcan's ability to remove rock – an *integral* component of the Consent Decree – from Vulcan itself.

7. Alliance's efforts to discover information about Vulcan's ability to remove rock during the discovery period were thwarted not only because Discovery Respondents claimed, for the first time, that they lacked basic information about Vulcan, but also because Discovery Respondents failed to acknowledge the existence of multiple confidentiality agreements with Vulcan until the very last two days of discovery – agreements that the United States contends precludes it from providing information responsive to Alliance's deposition discovery. Moreover, the information from Vulcan may well have been responsive to Alliance's written discovery requests. But, given Discovery Respondents' lack of disclosure of the scope of Vulcan's confidential information, Alliance is precluded from determining whether Discovery Respondents have withheld otherwise discoverable information.

8. As a courtesy, Alliance has provided a copy of this motion to Vulcan. Further, to the extent any deposition topic in the proposed subpoena's notice of deposition seeks confidential information, Alliance is prepared to work with Vulcan's counsel to address such

4

concerns, including through designations of information as confidential and filing such information under seal.[1]

     **WHEREFORE**, for the reasons set forth in this Motion, and those set forth in the attachment memorandum, Alliance respectfully requests that the Court enter an order granting Alliance leave to serve Exhibit 1, the proposed subpoena returnable no later than August 19, 2013 to non-party Vulcan Construction Materials, L.P. (a/k/a Vulcan Materials Company).

Dated:  August 7, 2013

Respectfully submitted,
ALLIANCE FOR THE GREAT LAKES

By:  */s/ Gabrielle Sigel*

One of its attorneys

Gabrielle Sigel, Ill. Bar No. 6186108
Stephen H. Armstrong, Ill. Bar No. 6181941
Anthony B. Borich, Ill. Bar No. 6299137
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois  60654
Telephone:  (312) 923-2758
Facsimile:  (312) 840-7758

Lyman C. Welch, Ill. Bar No. 6217339
Water Quality Program Director
Alliance for the Great Lakes
17 North State Street, Suite 1390
Chicago, Illinois  60602
Telephone:  (312) 445-9739

---

[1] To the extent required by Local Rule 37.2, Alliance states that, on August 7, 2013, at approximately 12:00 p.m., in Magistrate Judge Valdez's courtroom, Alliance consulted with counsel for the Government Plaintiffs and Metropolitan Water Reclamation District of Greater Chicago regarding Alliance's motion. At that time, counsel for those parties were unable to state whether those parties would support or oppose Alliance's motion. Discussions between Alliance and those parties regarding this motion are on-going. If any agreement regarding this motion is reached, Alliance will advise the Court.